UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      Plaintiff,

-vs-                                                                        Case No. 1:18-cr-00224-MV

**DEREK PONCHO,**

      Defendant.

## ORDER DENYING DEREK PONCHO'S OPPOSED MOTION TO RECONSIDER DETENTION

**THIS MATTER** is before the Court on defendant Derek Poncho's Opposed Motion to Reconsider Detention, filed on October 7, 2024. Doc. 181. The United States and the Probation Office oppose Mr. Poncho's motion. *Id.* at 1, 3. For the following reasons, the Court DENIES the motion.

On July 19, 2024, a United States Probation Officer filed a Petition for Revocation of Supervised Release against Derek Poncho based on evidence that Mr. Poncho had violated his conditions of supervision by committing another crime. *See* Doc. 164. Specifically, the petition alleged that Mr. Poncho had been charged with battery against a household member, a misdemeanor, and false imprisonment, a felony, in Bernalillo County Metropolitan Court. *See id.* The victim was his girlfriend. *See id.*

Mr. Poncho was arrested on the petition on July 22, 2024. Doc. 169. On July 24, 2024, Mr. Poncho waived his preliminary hearing on the petition, Doc. 176, and the Court found probable cause to believe that he violated his conditions of release as alleged in the petition, *see*

Doc. 175. Mr. Poncho sought to be released pending his final revocation hearing. *See id.* The Court denied that request. Doc. 177. In doing so, the Court explained:

> The Court found probable cause that defendant assaulted his girlfriend on July 19, 2024; the officer who responded to the scene observed that the girlfriend had injuries on her face consistent with being punched in the face. A neighbor corroborated the girlfriend's account of what happened. A coworker of the defendant was concerned about the girlfriend's safety because of how the defendant treated her and tried to control her. Earlier this year, the defendant was put on location monitoring because of a single vehicle accident which resulted in defendant rolling his car after a short chase by police. At one point while on location monitoring, defendant cut off his ankle bracelet. The underlying conviction in this case involved a violent sexual assault on a young woman.

*Id.*

Mr. Poncho now asks the Court to reconsider detention because the underlying charge against him was "dismissed without prejudice after the alleged victim failed to appear for preliminary hearing." *See* Doc. 181 at 1. He argues that "there has been a shift in the weight of the evidence against the Defendant," and that "[t]here is now a question as to whether the Government can produce the witness necessary to establish a violation of state law as alleged in the Petition." *Id.* at 3. The rejects this argument for two reasons.

First, Mr. Poncho has not given the Court a reason to reconsider its original detention order. A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. Poncho has made no argument that the Court misapprehended anything at the original detention hearing, or

that the Court clearly erred in detaining Mr. Poncho, or that release is required to prevent manifest injustice.  *See* Doc. 181.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Poncho] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).  Although Mr. Poncho argues that the "burden of persuasion regarding risk-of-flight and danger to the community always remains with the government," Doc. 181 at 3, this is not so in post-conviction cases.  Under Federal Rule of Criminal Procedure 32.1(a)(6), Mr. Poncho bears "[t]he burden of establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community." FED. R. CRIM. P. 32.1(a)(6).  The fact that the state charge was dismissed without prejudice because the victim failed to appear at a preliminary hearing does not have a material bearing on whether Mr. Poncho is a danger to the community or poses a risk of flight.  In deciding to detain Mr. Poncho, the Court relied on the observations of both the officer who responded to the scene as well as a neighbor's observations.  Their observations corroborated the allegations that Mr. Poncho had punched his girlfriend in the face, and the dismissal of the state charge does not clearly establish that Mr. Poncho is less of a danger than he was at the detention hearing.

In addition, the fact that the alleged victim failed to appear at a state preliminary hearing has no bearing on whether the United States will be able to prove the supervised release violation.  The United States is not required to prove that Mr. Poncho was convicted of another crime, only that he committed another crime, and the burden of proof is only by a preponderance

of the evidence.  *See* 18 U.S.C. § 3583(d)(3); *United States v. Harsh*, 368 F. App'x 873, 875–76 (10th Cir. 2010).  The dismissal without prejudice of the state charges does not affect the United States' ability to prove the supervised release violation, nor is it obvious that the alleged victim is a necessary witness given that a neighbor may have observed the altercation between Mr. Poncho and his girlfriend.  *See* Doc. 167.

    **IT IS THEREFORE ORDERED** that defendant Derek Poncho's Opposed Motion to Reconsider Detention (Doc. 181) is denied.

    DATED this 10th day of October 2024

                                                    _____t
                                                    Laura Fashing
                                                    United States Magistrate Judge